IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HUGO TORRES,

    Plaintiff,

v.

G. D. LEWIS, et al.,

    Defendants.
_____/

No. C 13-00344 SBA (PR)

**ORDER OF SERVICE**

## INTRODUCTION

Plaintiff, a former state prisoner, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. The Court previously granted Plaintiff's request for leave to proceed in forma pauperis.

Venue is proper because the events giving rise to the claim are alleged to have occurred at Pelican Bay State Prison ("PBSP"), which is located in this judicial district. See 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants at PBSP: Warden G. D. Lewis; Acting Chief Deputy Warden D. Bradbury; Correctional Sergeant Barneburg; and Institutional Gang Investigator J. Hernandez. Plaintiff seeks monetary damages.

## DISCUSSION

### I.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## II.   Background

On May 25, 2012, Defendant Hernandez entered Plaintiff's cell while he was urinating and ordered him to turn around. When Plaintiff refused to comply, Defendant Hernandez grabbed his left arm from behind and pulled him backwards out of his cell -- as he was urinating. Plaintiff threatened to file a 602 inmate appeal against Defendant Hernandez for her actions. Thereafter, Defendant Barneburg heard about the incident involving Defendant Hernandez, and threatened Plaintiff by stating: "You want to write up my staff, huh? I'll validate you personally and put you in the SHU for six years!" Compl. at 3a.

On June 1, 2012, Plaintiff was placed on a Contraband Surveillance Watch for an alleged inmate manufactured weapon that was supposedly in his rectum.

After a search on June 6, 2012, there was no weapon found on Plaintiff's person or in his cell. However, Plaintiff was retained in administrative segregation.

On June 14, 2012, Plaintiff attended his Institutional Classification Committee ("ICC") hearing regarding his placement in administrative segregation. Plaintiff was informed that he was being held for possession of a deadly weapon. Defendant Bradbury advised him that Defendant Hernandez was going to "head the investigation." Id. at 3c. Plaintiff objected to Defendant Hernandez heading the investigation because he felt that she would "potentially jeopardize the integrity of the investigation," especially after the aforementioned May 25, 2012 incident. Defendant Barneburg ignored Plaintiff's objection; therefore, Plaintiff claims he was held in administrative segregation based on "false information [Defendant] Hernandez fabricated." Id.

On September 20, 2012, the ICC concluded that Plaintiff "had no fault/involvement in possession of a weapon," and he was released back into general population. Id.

On September 27, 2012, Defendant Barneburg personally served Plaintiff with

"validation papers (which he authored himself)." Id.

## III. Legal Claims

### 1. Harassment and Threats

Plaintiff alleges a claim based on Defendant Barneburg's alleged harassment and threats. However, allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997); Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see, e.g., Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard was insufficient to implicate Eighth Amendment); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim); Burton v. Livingston, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right").

Allegations of mere threats also are not cognizable under § 1983. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that bare threat was for purpose of denying access to courts compel contrary result). It is inapposite that Defendant Barneburg served Plaintiff with "validation papers" on September 27, 2012, because such a conclusory allegation does not establish that Defendant Barneburg's actions were unconstitutional. In addition, Plaintiff makes no allegation that he was further held in administrative segregation based on these "validation papers" or that he was wrongfully validated as a gang member. Therefore Plaintiff's claim of Defendant Barneburg's harassment and threats is DISMISSED.

### 2. Due Process Claim

Plaintiff complains that he was placed in administrative segregation based on false information, in violation of his due process rights. The decision to place and retain a prisoner in administrative segregation must comport with procedural due process only if the specific deprivation at play constitutes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484

3

(1995).  Plaintiff's deprivation here -- his alleged wrongful housing in administrative segregation at PBSP for possession of a deadly weapon from June 6, 2012 to September 20, 2012 -- suggests sufficient severity to implicate procedural due process protection.  Assuming that this is the case, the Ninth Circuit has held that Plaintiff was entitled to the following procedures before placement in administrative segregation: (1) an informal non-adversary hearing within a reasonable time after being segregated, (2) notice of the charges or the reasons segregation is being considered, and (3) an opportunity to present his views.  See Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir 1986).  There also must be "some evidence" to support the decision to segregate Plaintiff for administrative reasons, id. at 1104-04 (citing Superintendent v. Hill, 472 U.S. 445, 455 (1985)), and the evidence relied upon must have "some indicia of reliability," Madrid v. Gomez, 889 F. Supp. 1146, 1273-74 (N.D. Cal. 1995).

Liberally construed, Plaintiff's allegations regarding his placement and retention in administrative segregation are sufficient to state cognizable claims under § 1983 for a denial of due process against Defendants Bradbury and Hernandez.

However, Plaintiff's claim against Defendant Lewis is deficient on the grounds that there are no facts alleged to establish a causal connection between Defendant Lewis and the alleged wrongdoing at PBSP.  See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (a person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.).  Because Defendant Lewis is the warden at PBSP, it seems that Plaintiff has named him on the theory that Defendant Lewis is liable for the actions of his subordinates.  It is well established that there is no § 1983 liability under such a theory, i.e., a theory of respondeat superior liability.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another); see also Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (supervisor liability under § 1983 requires personal involvement in constitutional deprivation

4

or sufficient causal connection between supervisor's wrongful conduct and constitutional deprivation). Accordingly, Plaintiff's supervisory liability claim against Defendant Lewis is DISMISSED.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable due process claim against Defendants Bradbury and Hernandez.

2. Plaintiff's claims against Defendants Lewis and Barneburg are DISMISSED.

3. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to **PBSP Acting Chief Deputy Warden D. Bradbury and PBSP Institutional Gang Investigator J. Hernandez.** The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the

1  Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent
2  or **twenty (20) days** from the date the waiver form is filed, whichever is later.

3     5.   Defendants shall answer the complaint in accordance with the Federal Rules of
4  Civil Procedure. The following briefing schedule shall govern dispositive motions in this
5  action:

6     a.   No later than **sixty (60) days** from the date their answer is due,
7  Defendants shall file a motion for summary judgment or other dispositive motion. The
8  motion must be supported by adequate factual documentation, must conform in all respects
9  to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident
10 reports stemming from the events at issue. A motion for summary judgment also must be
11 accompanied by a Rand[1] notice so that Plaintiff will have fair, timely and adequate notice of
12 what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 935
13 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion
14 for summary judgment). A motion to dismiss for failure to exhaust available administrative
15 remedies must be accompanied by a similar notice. Stratton v. Buck, 697 F.3d 1004, 1008
16 (9th Cir. 2012); Woods, 684 F.3d at 935 (notice requirement set out in Wyatt v. Terhune,
17 315 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to dismiss for
18 failure to exhaust available administrative remedies).

19    If Defendants are of the opinion that this case cannot be resolved by summary
20 judgment, they shall so inform the Court prior to the date the summary judgment motion is
21 due. All papers filed with the Court shall be promptly served on Plaintiff.

22    b.   Plaintiff's opposition to the dispositive motion shall be filed with the
23 Court and served on Defendants no later than **twenty-eight (28) days** after the date on which
24 Defendants' motion is filed.

25    c.   Plaintiff is advised that a motion for summary judgment under Rule 56
26 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you

---

28    [1] Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998).

what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand, 154 F.3d at 962-63.

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt, 315 F.3d at 1120 n.14. You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. Stratton, 697 F.3d at 1008-09.

(The Rand and Wyatt/Stratton notices above do not excuse Defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available

administrative remedies and motions for summary judgment.  Woods, 684 F.3d at 935.)

   d. Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

   e. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

6. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

7. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9. Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 1/23/14                              *Saundra B Armstrong*
                                            SAUNDRA BROWN ARMSTRONG
                                            United States District Judge