UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HUGO MARTIN TORRES,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>D. BRADBURY, et al.,<br><br>　　　　Defendants. | Case No: C 13-0344 SBA (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

## I.   INTRODUCTION

Plaintiff, a former state prisoner, brings the instant action, pursuant to 42 U.S.C. § 1983, alleging due process violations stemming from his placement and retention in administrative segregation ("ad-seg") at Pelican Bay State Prison ("PBSP") in 2012.

The parties are presently before the Court on an unopposed motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) by Acting Chief Deputy Warden D. Bradbury and Institutional Gang Investigator J. Hernandez (collectively "Defendants"). Having read and considered the papers submitted, and being fully informed, the Court GRANTS Defendants' motion to dismiss.

## II.   BACKGROUND

On May 25, 2012, Defendant Hernandez entered Plaintiff's cell while he was urinating and ordered him to turn around. When Plaintiff refused to comply, Defendant Hernandez grabbed his left arm from behind and pulled him backwards out of his cell—as he was urinating. Plaintiff threatened to file a 602 inmate appeal against Defendant Hernandez for her actions.

On June 1, 2012, Plaintiff was placed on a Contraband Surveillance Watch for an

alleged inmate manufactured weapon that allegedly was in his rectum. Dkt. 1 at 5, 11.[1] After a search on June 6, 2012, there was no weapon found on Plaintiff's person or in his cell. However, Plaintiff was retained in ad-seg.

On June 14, 2012, Plaintiff attended an Institutional Classification Committee ("ICC") hearing regarding his placement in ad-seg. Plaintiff was informed that he was being held for possession of a deadly weapon. Defendant Bradbury advised him that Defendant Hernandez was going to "head the investigation." Id. at 6. Plaintiff objected to Defendant Hernandez heading the investigation because he felt that she would "potentially jeopardize the integrity of the investigation," especially after the aforementioned May 25, 2012 incident. Id. Defendant Bradbury ignored Plaintiff's objection; therefore, Plaintiff claims he was held in ad-seg based on "false information [Defendant Hernandez] fabricated." Id.

On September 20, 2012, the ICC concluded that Plaintiff "had no fault/involvement in possession of a weapon," and he was released back into general population. Id.

On January 25, 2013, Plaintiff filed the instant action. Upon reviewing the complaint, the Court found Plaintiff had stated cognizable due process claims against Defendants and ordered service of the complaint. Dkt. 7 at 3-5. All other claims were dismissed. Id.

In their motion to dismiss, Defendants argue that: (1) Plaintiff has failed to demonstrate that his placement in ad-seg implicated a protected liberty interest; and (2) Plaintiff has no constitutionally guaranteed right to be free from any alleged fabrication of charges by prison staff.

### III.  LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (1964).

In considering whether the complaint is sufficient to state a claim, the district court must accept all factual allegations as true and construe them in the light most favorable to the plaintiff.  Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007); NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, the court need not accept as true allegations that are legal conclusions, unwarranted deductions of fact or unreasonable inferences.  See Sprewell v. Golden State Warriors, 266 F.3d 979, 988, amended, 275 F.3d 1187 (9th Cir. 2001).  Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

A plaintiff may negate his claim by including unnecessary details that contradict it. Sprewell, 266 F.3d at 988.  A court, for example, is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. Bell Atl. Corp., 550 U.S. at 557; Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998).  "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim."  McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988).  A court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

## IV.   DISCUSSION

### A.   DUE PROCESS CLAIM RELATING TO PLACEMENT IN AD-SEG

Interests that are procedurally protected by the Due Process Clause may arise from two sources—the Due Process Clause itself and laws of the states.  See Meachum v. Fano, 427 U.S. 215, 223-27 (1976).  Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself.  See Sandin v. Conner, 515 U.S. 472, 484 (1995) (citing Vitek v. Jones, 445 U.S. 480, 493 (1980) (transfer

to mental hospital), and Washington v. Harper, 494 U.S. 210, 221-22 (1990) (involuntary administration of psychotropic drugs)).  The hardship associated with ad-seg, such as loss of recreational and rehabilitative programs or confinement to one's cell for a lengthy period of time, is not so severe as to violate the Due Process Clause itself.  See Toussaint v. McCarthy, 801 F.2d 1080, 1091-92 (9th Cir. 1986), cert. denied, 481 U.S. 1069 (1987), abrogated on other grounds by Sandin, 515 U.S. 472.

Deprivations that are less severe or more closely related to the expected conditions of confinement may amount to deprivations of a procedurally protected liberty interest, provided (1) that state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, and (2) that the liberty in question is one of "real substance." See Sandin at 515 U.S. at 477-87.  "Real substance" will generally be limited to freedom from (1) restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," id. at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," id. at 487.

Placement in ad-seg pending investigation of disciplinary charges does not implicate a protected liberty interest absent a showing that the conditions of confinement constituted an "atypical and significant hardship" "in relation to the ordinary incidents of prison life." Resnick v. Hayes, 213 F.3d 443, 448-49 (9th Cir. 2000) (quoting Sandin); see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (mere placement in ad-seg not enough to state claim after Sandin).  Sandin requires a factual comparison between conditions in the plaintiff's former status and his new status, examining the hardship caused by the challenged action in relation to the basic conditions of life as a prisoner.  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003).

Plaintiff claims that his placement in ad-seg from June 6, 2012 to September 20, 2012, violated his due process rights because the charge was eventually dropped.  However, Plaintiff has failed to show that the conditions of his confinement in ad-seg constituted an "atypical and significant hardship" "in relation to the ordinary incidents of prison life." Resnick, 213 F.3d at 448-49.  Plaintiff, who has not opposed the motion to dismiss, has

neither alleged any such hardships that he experienced in ad-seg nor compared such conditions to his conditions in general population. He has also failed to show that there was a "change[] in conditions . . . so severe" as to affect the sentence imposed in an unexpected manner. See Sandin, 515 U.S. at 484. In fact, Plaintiff has since been paroled and released from custody. Dkt. 6.

Plaintiff has failed to state a claim regarding his placement in ad-seg because the complaint does not allege that the deprivation Plaintiff suffered is one of "real substance" as defined in Sandin. Therefore, the Court GRANTS Defendants' motion to dismiss as to Plaintiff's due process claim relating to his placement in ad-seg.

### B. DUE PROCESS CLAIM RELATING TO FABRICATION OF WEAPON CHARGE

Plaintiff alleges that he was denied his due process rights because his aforementioned placement and retention in ad-seg was based on "false information [Defendant Hernandez] fabricated." Dkt. 1 at 6. As explained above, prison officials conducted an investigation and eventually released him from ad-seg upon finding that Plaintiff had "no fault/involvement" in the weapon charge. Id.

A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986), cert. denied, 485 U.S. 982 (1988). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983. See Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984). Moreover, the fact that a prisoner may have been innocent of the charges does not raise a due process issue. The Constitution demands due process, not error-free decision-making. See Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994).

Here, the record shows that on June 6, 2012, Plaintiff was afforded written notice in the form of a one-page "Administrative Segregation Unit Placement Notice," which stated that he was being placed in ad-seg based on an "ongoing investigation into [his] Possession of a Deadly Weapon." Dkt. 1 at 23. On June 14, 2012, Plaintiff attended an ICC hearing,

in which he was advised that he was being held in ad-seg on the pending weapon charge and that Defendant Hernandez was going to head the investigation. After the investigation revealed that Plaintiff was not at fault, the charge was dropped on September 20, 2012. Therefore, the Court GRANTS Defendants' motion to dismiss Plaintiff's due process claim that Defendant Hernandez fabricated the weapon charge, and this claim is DISMISSED for failure to state a claim for relief.

## V. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss is GRANTED as to all claims. Dkt. 14. Plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. Further, this Court CERTIFIES that any motion for leave to proceed in forma pauperis on appeal from this Order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). See Coppedge v. United States, 369 U.S. 438, 445 (1962); Gardner v. Pogue, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

3. The Clerk of the Court shall enter judgment, terminate all pending motions, and close the file.

4. This Order terminates Docket No. 14.

IT IS SO ORDERED.

Dated: February 2, 2015

SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.13\Torres0344.grantMTD.docx